UNITED STATES DISTRICT COURT
SOUTHERN OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
YU G. KE, SHU HUA CHEN, JIAN L. LIN, BAO J. CHEN,
GUO Q. CHEN, JIAN Y. CHEN, JIE CHEN, MING H. CHEN,
SHU HUI CHEN, SHU JIAN CHEN, SHU JIN CHEN,
WEN D. CHEN, WEN Z. CHEN, XIAN Y. CHEN,
XIANG W. CHEN,  GUO Q. CHEN,
DE S. CHI, LIAN G. CHI, ZHAO Y. DONG, XUE Y.
HUANG, BING X. LI, QIANG H. LI, QI H. LIAN,
LI Q. LIN, MING LIN, XIN W. LIN, YI L. LIN,
BAO G. XIE, DE K. XIE, MU L. XIE, RUI G. XIE,
ZHI G. XIE, RUI H. YOU, YU M. YU, WEN R. ZHENG,
and YU X. ZHOU,

        Plaintiffs,        **COMPLAINT**

    -against'            07 CV 2329 (NRB)(MHD)

                   ECF CASE

SAIGON GRILL, INC. SAIGON GOURMET
RESTAURANT INC., SAIGON SPICE INC.
SAIGON BRASSERIE INC., SAIGON WEST INC.,
SIMON NGET a.k.a. CHANG S. NGET, MICHELLE
LU NGET a.k.a. PEI YING NGET, LEANA NGET,
RICHARD K. NGET a.k.a. CHANG HAO NGET,
 and SUNG TRUONG,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## PRELIMINARY STATEMENT

1. Plaintiffs are thirty-six former take-out food delivery personnel for a restaurant called Saigon Grill.  One of the plaintiffs worked as a packer of the take-out orders.  The Saigon Grill has operated out of four locations within Manhattan, Second Avenue and 88th Street, Amsterdam Avenue and 90th Street, University Place and 12th Street, and Broadway and 87th Street.  The restaurant is or was separately incorporated at these four locations and jointly owned and run by defendants Simon Nget and his wife Michelle Nget.  The plaintiffs have worked at one or more of the locations of the Saigon Grill at various times between 2001 and March 2007.

2. Plaintiffs worked 6 or 7 days a week. The worked half day shifts of between 5 to 6 hours a day or full day shifts of between 11 to 12.5 hours a day.

3. None of the plaintiffs were paid the minimum wage.

4. None of the plaintiffs were paid overtime.

5. Plaintiffs had to purchase and maintain their own bicycles and motor scooters.

6. Plaintiffs had to pay fines of $20 to $200 for such things as slamming doors or making a late delivery.

7. When the Defendants learning of the impending lawsuit, they fired the Plaintiffs.

8. Plaintiffs bring claims for retaliation and for minimum wage and overtime pay as well as other violations of the federal Fair Labor Standards Act and New York State Labor Law.

## JURISDICTION AND VENUE

9. Jurisdiction is conferred on the Court by 28 U.S.C. §§ 1331 and 1337 and by 29 U.S.C. § 216. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) in that the unlawful actions complained of occurred in, and the records relevant to such practices are maintained in, this District.

11. Notification of the claim of retaliation has been served on the New York State Attorney General.

## PLAINTIFFS

12. Plaintiffs are all Chinese immigrants. Bao J. Chen, Guo Q. Chen, Jian Y. Chen, Jie Chen, Ming H. Chen, Shu Hua Chen, Shu Hui Chen, Shu Jian Chen, Wen D. Chen, Wen Z. Chen, Xian Y. Chen, Xiang W. Chen, Guo Q. Chen, De S. Chi, Lian G. Chi, Zhao Y. Dong, Xue Y. Huang, Yu G. Ke, Bing X. Li, Qiang H. Li, Qi H. Lian, Jian L. Lin, Li Q. Lin, Ming Lin, Xin W. Lin, Yi

L. Lin, Bao G. Xie, De K. Xie, Mu L. Xie, Rui G. Xie, Zhi G. Xie, Rui H. You, Yu M. Yu, Wen R. Zheng, and Yu X. Zhou, were employed as take-out order delivery personnel by the Saigon Grill, as more fully described below. Plaintiff Shu Jin Chen was employed as a packer for Saigon Grill. Plaintiffs' family names are written as their last name, although in Chinese their family name would be the first name.

13. Plaintiffs were employed by Saigon Grill over various periods of time from 2001 to the present.

14. Plaintiffs are engaged in commerce. All employees at the Saigon Grill are engaged in an industry affecting commerce.

15. At all times relevant to this action, Plaintiffs were Defendants' employees within the meaning of the Fair Labor Standards Act and New York Labor Law.

<u>DEFENDANTS</u>

16. Defendants Saigon Grill, Inc., Saigon Gourmet Restaurant Inc., Saigon Spice Inc., Saigon Brasserie Inc., and West Saigon Inc. were incorporated in the State of New York

    a. Saigon Grill, Inc. operated a restaurant at 1700 Second Avenue, New York, New York until it was closed for renovations in 2006.

    b. Saigon Gourmet Restaurant, Inc. operated a restaurant at 620 Amsterdam Avenue, New York, New York, until March 1, 2007, when it was succeeded by Saigon Brasserie, Inc. On information and belief, Saigon Brasserie Inc. is owned by Simon Nget and employs many of the same employees, same supervisors, and does the same type of business as Saigon Gourmet Restaurant Inc.

    c. Saigon Spice Inc. operates a restaurant at 91 University Place, New York, New York.

    d. West Saigon Inc operated a restaurant at 2381 Broadway, New York, New York.

3

    Saigon West, Inc. was dissolved in 2002.

17. The restaurants operated by all five corporate defendants were called "Saigon Grill". Hereinafter, all five corporate defendants will be referred to as "Saigon Grill." The Saigon Grill is an enterprise, as that term is defined by the Fair Labor Standards Act, and owned in whole or part by defendants Simon Nget and Michelle Lu Nget.

18. Each of the corporate defendants is or was a business engaged in interstate commerce or an enterprise engaged in interstate commerce which had gross sales exceeding $500,000 per year. The corporations that comprise Saigon Grill are an "enterprise" engaged in commerce and had gross sales exceeding $500,000 a year. Upon information and belief, the Saigon Grill purchases and handles goods moved in interstate commerce.

19. Upon information and belief, Defendant Simon Nget a.k.a. Chang S. Nget is an owner and officer of all the Saigon Grill restaurants. He has the power to hire and fire employees, set wages, set terms and conditions of employment and maintain employment records at all the Saigon Grill restaurants.

20. Upon information and belief defendant Michelle Lu Nget a.k.a. Pei Ying Nget is an officer and/or owner of all Saigon Grill restaurants. She works as a manager at the Saigon Grill on Amsterdam Avenue. She has the power to hire and fire employees, set wages, set terms and conditions of employment and maintain employment records. Defendant Michelle L. Nget is the wife of defendant Simon Nget.

21. Defendant Leana Nget is the sister of defendant Simon Nget. She works as a manager at the Saigon Grill on Amsterdam Avenue. She has the power to hire and fire employees, set wages, set terms and conditions of employment and maintain employment records.

22. Defendant Richard K. Nget a.k.a. Chang Hao Nget is a brother of defendant Simon Nget.

He works as a manager at the Saigon Grill on Amsterdam Avenue. He has the power to hire and fire employees, set wages, set terms and conditions of employment and maintain employment records.

23. Defendant Sung Truong works as a manager at the Saigon Grill on University Place. He is known as "Tony" in the restaurant. He worked previously as a manager at the Saigon Grill on Second Avenue. He has the power to to hire and fire employees, set wages, set terms and conditions of employment and maintain employment records.

24. Defendants were Plaintiffs' employers as that term is defined by the Fair Labor Standards Act and New York Labor Law.

## STATEMENT OF FACTS

### MIMIMUM WAGE

25. Both the federal Fair Labor Standards Act and New York State Labor Law require that employees be paid a minimum wage. 29 U.S.C. § 206; N.Y. Lab. §652.

26. Plaintiffs would work six or seven days a week.

27. Plaintiffs worked either half day or full day shifts as delivery persons, except plaintiff Shu Jin Chen. Ms. Chen worked as a take-out delivery packer. She worked a full day shift. Ms. Chen's wage claims are limited to overtime and spread-of-hours claims discussed below.

28. A full day shift would be about 12 hours a day with variations of an hour or two. A half-day shift would be about 6 hours a day with variations of an hour or two.

29. Plaintiffs were paid a monthly amount by Defendants. Those on a full day shift are paid about $520 a month. Those who work half-day shifts are paid about $347. There was some variation in these pay rates for variations in the shift hours. Most delivery

personnel plaintiffs earned between about $1.70 an hour to $2.45 an hour. All were paid well below the minimum wage.

30. Plaintiffs were paid in cash twice a month.

31. Defendants irregularly gave checks to some of the plaintiffs. However, these were not wage payments. Plaintiffs were required to cash the checks and return the cash to the Defendants.

32. Plaintiffs were never informed by Defendants of the provisions of section 203(m) of the Fair Labor Standards Act.

## OVERTIME PAY

33. Federal and New York State labor law require that Defendants pay an overtime rate of one-and-a-half times the regular rate of pay for each hour of work over 40 hours a week. 29 U.S.C. § 207; N.Y. Lab. § 650 et seq., 12 NYCRR § 137 – 1.3.

34. Defendants did not pay Plaintiffs overtime pay for their hours of work over 40 hours a week.

## SPREAD OF HOURS

35. New York State Department of Labor Regulations § 137-1.7 provides that, if an employee is at work for 10 hours per day, then the employer is required to pay the employee an extra hour of pay at the minimum wage. 12 NYCRR § 137-1.6. This "spread of hours" regulation is applicable even if there is a split shift.

36. Plaintiffs who worked a full day shift routinely worked, or were on a split shift of, more than ten hours per day for a spread of hours greater than ten hours. Defendants never paid these plaintiffs an extra hour's pay at the minimum wage.

## UNLAWFUL DEDUCTIONS AND KICKBACKS

37. The Fair Labor Standards Act prohibits employers from requiring minimum wage employees to purchase the tools of their trade or give any money back to his or her employer. 29 U.S.C. § 201 et seq; 29 C.F.R. § 531.35.

38. In addition New York Labor Law prohibits any deductions from wages, other than standard deductions for taxes, etc, N.Y. Lab § 193.

39. New York Labor Law also prohibits to employers from receiving "kickbacks" from their employees. N.Y. Lab. § 198-b.

40. Defendants regularly obtained kickbacks from their employees and made unlawful deductions from Plaintiffs' tips and wages.

41. Defendants required Plaintiff delivery personnel to purchase and maintain a bicycle or motor scooter in order to make deliveries. Plaintiffs had to pay for their own repairs. Plaintiffs had to purchase their own gas for the motor scooters. Defendants did not reimburse plaintiffs for these costs.

42. If money was stolen or robbed from a plaintiff, he was required to pay the Defendants for the amount stolen.

43. If a customer had received the wrong order, Plaintiffs was required to pay for that order.

44. Defendants regularly "fined" the Plaintiffs. Plaintiffs were fined $200 if a customer complained about a late make-up order. Plaintiffs were fined $50 for "slamming" the restaurant door. Plaintiffs were fined $20 if they fail to register that they have left with a particular delivery.

45. Plaintiffs kept the moneys received for the deliveries until the end of the day. At that time, Plaintiffs would make an accounting and payment for all their deliveries. At the same time, they were also made to pay the fines described above from the tips that they

had earned.

46. As a condition of their employment, Plaintiffs were required to work two or three hours a week doing restaurant side work. Plaintiffs were not paid any additional amount of wages for this work. Plaintiffs could avoid this unpaid labor by giving the Defendants money, $20 or more a week, to hire another employee to do this work.

## RETALIATION

47. Defendants found out that Plaintiffs were planning to take legal action against them for violations of the federal and state labor laws.

48. Defendants asked those Plaintiffs, who were still in their employ, to sign statement saying that they had been paid the proper minimum wage and overtime pay.

49. These statements were false, and Plaintiffs refused to sign them. .

50. In retaliation, in March 2007, Defendants fired all of the Plaintiffs, who were still in their employ.

## KNOWING AND INTENTIONAL ACTS

51. The Defendants knowingly, intentionally and willfully committed the acts alleged herein.

52. The Defendants knew that the nonpayment of minimum wage, overtime pay and spread-of-hours pay would financially injure Plaintiffs.

53. Defendants never posted the required United States Department of Labor and New York State Department of Labor posters regarding minimum wage, overtime pay and tips.

54. Defendants knowingly and intentionally took deductions or kickbacks from Plaintiffs.

55. Defendants knowingly, intentionally and maliciously fired Plaintiffs in retaliation for refusing to sign a fraudulent document in regard to their hours and wages and for planning to file a lawsuit.

56. On information and belief, Defendants fail to keep full and accurate records of Plaintiffs' hours and wages in order to avoid liability for their wage violations.

## FIRST CAUSE OF ACTION

Federal Minimum Wage and Overtime Violation

57. Plaintiffs repeat and reallege all the paragraphs above.

58. The Defendants' intentional failure to pay Plaintiffs the proper minimum wage and to pay overtime for their hours over 40 hours a week violates 29 U.S.C. § 201 et seq.

59. Plaintiffs have been damaged in an amount as yet undetermined plus liquidated damages.

## SECOND CAUSE OF ACTION

New York State Wage Violations

60. Plaintiffs allege and reallege all the paragraphs above.

61. The Defendants intentional failure to pay Plaintiffs the minimum wage, including overtime pay and spread of hours pay, violates New York State Labor Law §§ 650 et seq. and supporting regulations and orders of the New York State Department of Labor.

62. Plaintiffs have been damaged in an amount as yet undetermined plus liquidated damages.

## THIRD CAUSE OF ACTION

New York State Unlawful Deductions and Kickbacks

63. Plaintiffs allege and reallege all the paragraphs above.

64. Defendants have taken unlawful deductions from Plaintiffs' wages in violation of New York State Labor Law § 193.

65. Defendants have taken unlawful kickbacks from Plaintiffs in violation of New York State Labor Law § 1998-b.

66. Plaintiffs have been damaged in an amount as yet determined plus liquidated damages.

## FOURTH CAUSE OF ACTION

### Retaliation

67. Plaintiffs allege and reallege all the paragraphs above.

68. Defendants' retaliatory firing of plaintiffs violates 29 U.S.C. §§ 201 et seq and New York Lab. §215.

69. Plaintiffs seek injunctive relief to restore them to their employment, compensatory damages and punitive damages for these violations.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs respectfully request that a judgment be granted as follows:

    (a) awarding plaintiffs compensatory and liquidated damages plus interest;

    (b) enjoining defendants to rehire the plaintiffs;

    (c) awarding plaintiffs punitive damages;

    (d) awarding plaintiffs attorneys' fees and costs; and

    (e) such other relief as this Court deems is just and proper.

Dated: March 21, 2007

    Respectfully submitted,

    _____s/_____
    KENNETH KIMERLING (KK-5762)
    ASIAN AMERICAN LEGAL DEFENSE
    AND EDUCATION FUND
    99 Hudson Street
    New York, New York 10013
    212-966-5932

    ATTORNEYS FOR PLAINTIFFS