# DAVIS POLK & WARDWELL

450 LEXINGTON AVENUE
NEW YORK, NY 10017
212 450 4000
FAX 212 450 3800

MENLO PARK
WASHINGTON, D.C.
LONDON
PARIS
FRANKFURT
MADRID
TOKYO
BEIJING
HONG KONG

6/18/08

WILLIAM MILLER
212 450 4815
WILLIAM.MILLER@DPW.COM

ENDORSED
ORDER

*Application granted for
good cause shown. The
parties will be advised the
time for which to conduct this
deposition.*

*MHD/USMJ
6/18/08*

June 13, 2008

Re:   **Yu G. Ke, et al. v. Saigon Grill, Inc., et al. (07-CV-2329)**

The Honorable Michael H. Dolinger
United States Magistrate Judge
United States District Court for
   the Southern District of New York
500 Pearl Street, Room 1670
New York, New York  10007

JUN 16 2008

Dear Judge Dolinger:

     My firm, along with the Asian American Legal Defense and Education
Fund, represents Plaintiffs in the above-referenced matter.  Pursuant to Your
Honor's instruction, we write to request the Court's permission to conduct a video
deposition of our client Shu Jin Chen and to submit Ms. Chen's deposition
testimony at the trial in lieu of testimony.  Defendants have refused to consent to
this proposal.

     Ms. Chen currently resides in the Fujian province of China.  In addition to
the substantial financial burden, immigration issues prevent Ms. Chen from
returning to the United States to attend the trial in the above-referenced matter.
Due to Ms. Chen's hardship, we propose that Plaintiffs depose Ms. Chen subject
to cross examination by Defendants via video conference at Plaintiffs' expense.
Ms. Chen and a translator would be at my firm's office in Beijing, China.  A court
reporter would be present with counsel for Plaintiffs and Defendants.

     Courts in this district have recognized there is no "absolute rule" as to the
location of the deposition of a nonresident plaintiff.  See Normande v. Grippo, 01
Civ. 7441 (JSR) (THK), 2002 U.S. Dist. LEXIS 501, *3-4 (S.D.N.Y. Jan. 14,
2002).  A plaintiff need not be deposed in the litigation district if there is a
showing of "good cause."  Id. at *4. Courts have found good cause based on a
showing of hardship.  See, e.g., Abdullah v. Sheridan Square Press, 154 F.R.D.

Hon. Michael H. Dolinger                    2                         June 13, 2008

591, 592–94 (S.D.N.Y. 1994) (requiring defendant to travel to London to take plaintiff's deposition where plaintiff would face prejudice with respect to an asylum application in the United Kingdom if he left the country).

Given the hardship Ms. Chen faces in returning to the United States and the option of conducting a deposition "by telephone or other remote electronic means" pursuant to Rule 30(b)(7) of the Federal Rules of Civil Procedure, Plaintiffs respectfully request the Court to allow Plaintiff Shu Jin Chen to be deposed in the manner described above, the transcript of which would be submitted to the Court in lieu of testimony at trial, as this may be her only opportunity to vindicate her federally recognized claim.

Respectfully submitted,

William Miller

cc (by facsimile):     Michael Weisberg, Esq.
                       Kenneth Kimerling, Esq.,

By Hand Delivery